# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LODSYS GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DR PEPPER SNAPPLE GROUP, INC. <br><br> Defendant/Third-Party Plaintiff, <br><br> v. <br><br> EGAIN CORPORATION, <br><br> Third-Party Defendant. | Case No.: 2:13-cv-00058-JRG |

## DR PEPPER SNAPPLE GROUP, INC.'S COMPLAINT AGAINST THIRD-PARTY EGAIN CORPORATION

Third-Party Plaintiff Dr Pepper Snapple Group, Inc., ("DPSG"), pursuant to Rule 14 of the Federal Rules of Civil Procedure, hereby alleges for its Complaint against eGain Corporation ("eGain") as follows:

## THE PARTIES

1. DPSG is a corporation organized and existing under the laws of Delaware with a principal place of business at 5301 Legacy Drive, Plano, Texas 75024.

2. On information and belief, eGain is a corporation organized and existing under the laws of Delaware with its principal place of business at 1252 Borregas Avenue, Sunnyvale, California 94089.

## JURISDICTION AND VENUE

3. The patent infringement allegations in the underlying action arise under the patent laws of the United States, Title 35, United States Code.  The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, and 1367.

4. This Third-Party Complaint forms part of the same case or controversy in the underlying action because it is inextricably related to the patent infringement allegations that Lodsys brought against DPSG for its use of eGain's software and services.  For at least this reason, the Court has supplemental jurisdiction over this third party complaint under 28 U.S.C. §§ 1367(a).

5. eGain is subject to personal jurisdiction in Texas because it regularly transacts business in this judicial district and division by, among other things, offering its software and services to customers, business affiliates and partners located in this judicial district and division. On information and belief, eGain employs a sales representative in Rockwall, Texas to solicit business and manage accounts for customers located in Texas, including DPSG.  On information and belief, eGain's website (www.egain.com) actively and directly reaches out to customers residing in the Eastern District of Texas, including by providing an interactive tool on eGain's website for eGain to provide customers with product information and technical support.

6. Venue may be laid in this District, and in the Marshall Division, pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## FACTS

7.  DPSG incorporates by reference its allegations in Paragraphs 1-6 as if fully restated in this paragraph.

8.  On January 29, 2013, Plaintiff Lodsys Group, LLC ("Lodsys") filed its complaint for patent infringement against Defendant/Third-Party Plaintiff, DPSG. DPSG was served on February 6, 2013.

9.  Lodsys alleges that DPSG infringes U.S. Patent No. 7,620,565 ("the '565 patent"). Lodsys further alleges that DPSG's website www.drpeppersnapple.com contains feedback soliciting features that infringe at least claim 15 of the '565 patent. (Lodsys Complaint at ¶ 6).

10. Lodsys alleges that DPSG infringes U.S. Patent No. 7,222,078 ("the '078 patent"). Lodsys further alleges that DPSG's website www.drpeppersnapple.com contains feedback soliciting features that infringe at least claim 1 of the '078 patent. (Lodsys Complaint at ¶ 9).

11. Effective June 25, 2010, DPSG entered into a Hosting Service Agreement ("Agreement") with eGain. Pursuant to the Agreement, eGain supplies DPSG with software and services that provide the accused feedback-soliciting functionality. eGain hosts the software and executes the software on eGain servers. DPSG's customers use the software by accessing eGain's servers through the internet. A screenshot of the portion of DPSG's website accused by Lodsys and referenced by Lodsys' patent infringement claim chart shows "egain.net" in the URL address bar. *See* Exhibit A.

12. The Agreement includes an indemnity provision where eGain agreed to defend and indemnify DPSG against claims that DPSG infringes a U.S. patent.

13. To date, the Agreement between DPSG and eGain remains in effect and eGain continues to supply DPSG with eGain software and services pursuant to the Agreement.

14. The Agreement contains a survivability clause such that eGain's indemnity and defense obligations survive termination of the Agreement.

15. By the terms of the Agreement, eGain would continue to be obligated to defend and indemnify DPSG against Lodsys' infringement claims in the event the Agreement was terminated. Terminating the Agreement would not limit DPSG from pursuing any remedies against eGain.

16. On November 30, 2011, DPSG received a notice letter from Lodsys. A patent infringement claim chart accompanied Lodsys' letter and identified the use of eGain's software and services as infringing. *See* Exhibit B.

17. On December 14, 2011, DPSG promptly notified eGain of Lodsys' infringement claim in writing and asserted that eGain must indemnify, defend and hold DPSG harmless for all assertions of patent infringement incurred by DPSG as a result of eGain's software and services provided to DPSG. DPSG requested that eGain defend Lodsys' claim pursuant to the Agreement. eGain did not respond to DPSG's correspondence.

18. On May 10, 2012, DPSG reiterated its request for a defense and indemnity against Lodsys' claims to eGain in writing pursuant to the Agreement. Again, eGain did not respond to DPSG's correspondence.

19. On January 30, 2013, DPSG notified eGain in writing that DPSG was sued for patent infringement by Lodsys related to DPSG's use of eGain's software services and again requested indemnity.

20.     On February 8, 2013, eGain responded to DPSG for the first time by e-mail, and refused to indemnify and defend DPSG in the Lodsys action.

21.     On February 15, 2013, DPSG notified eGain in writing that eGain is in material breach of its obligation to defend and indemnify DPSG in the Lodsys action.  Pursuant to the Agreement, eGain had 30 days after receiving written notice from DPSG to correct the breach.  eGain's deadline to correct the breach was March 17, 2013.  eGain has not corrected the breach or responded to DPSG's written notice specifying the breach.

22.     DPSG uses eGain's software and services within the scope of the Agreement.  DPSG does not combine eGain products with other software, hardware, or other materials not provided by eGain in any configuration that infringes the '565 patent or the '078 patent.

23.     While eGain software and services are incorporated into DPSG's website, that incorporation does not infringe the '565 or the '078 patent.  Rather, Lodsys' infringement claims against DPSG are based on DPSG's use of eGain's software and services alone as set forth in Lodsys' patent infringement claim chart.

24.     DPSG provided eGain with reasonable information for the defense of the Lodsys action and is ready to provide eGain with assistance, sole authority, and control of the defense and settlement negotiations of the Lodsys' action.

25.     eGain has failed to satisfy DPSG's indemnification demand or otherwise defend or indemnify DPSG in the Lodsys action.

26.     There exists a real and actual controversy between DPSG and eGain concerning issues of liability and indemnity for any damages resulting from the Lodsys action.

27.     As a result of eGain's breach of the Agreement, DPSG has had to incur, and is still incurring, costs and legal fees to defend itself against Lodsys' claims.

## COUNT I
## BREACH OF CONTRACT

28. DPSG repeats and realleges the allegations contained in paragraphs 1-27 above, as if fully set forth herein.

30. Under the terms of the Agreement, eGain is obligated to indemnify DPSG for any claim that eGain's software or services provided to DPSG infringe a third party's intellectual property right, including any patent(s).

31. eGain breached the Agreement by refusing to defend or indemnify DPSG in the Lodsys action.

32. As a result of eGain's breach, DPSG has suffered damages, including but not limited to its costs and attorney's fees incurred in defending the suit against Lodsys, and any and all damages that DPSG may be liable to Lodsys.

33. DPSG used commercially reasonable efforts to mitigate any loss, damage and costs related to the Lodsys action.

34. For the breaches described above, eGain is obligated to hold harmless and indemnify DPSG.

## PRAYER FOR RELIEF

Third-Party Plaintiff, DPSG, respectfully requests a judgment against eGain as follows:

A. Judgment against eGain in favor of DPSG for any and all damages that DPSG is liable to Lodsys.

B.    Judgment against eGain in favor of DPSG for its costs and attorneys' fees incurred in defending the suit against Lodsys and prosecuting against eGain; and

C.    Further relief as the Court may deem just and proper.

## JURY DEMAND

DPSG hereby demands trial by jury on all issues.

Date: March 18, 2013

Respectfully submitted,

/s/ Phong D. Nguyen
Phong D. Nguyen (Texas Bar No. 24002690)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5304
(202) 861-1500
(202) 861-1783 (facsimile)
pnguyen@bakerlaw.com

*Attorneys for Defendant and Third-Party Plaintiff*
*Dr Pepper Snapple Group, Inc.*