**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| LODSYS GROUP, LLC, ) ) ) | |
| Plaintiff, ) ) | Case No.: 2:13-cv-00058-JRG |
| v. ) ) | |
| DR PEPPER SNAPPLE GROUP, INC. ) ) | |
| Defendant. ) ) | |

**DR PEPPER SNAPPLE GROUP, INC.'S ANSWER**
**TO LODSYS GROUP, LLC'S COMPLAINT**

Defendant Dr Pepper Snapple Group, Inc. ("DPSG") files this Answer and Counterclaims to Plaintiff Lodsys Group, LLC's ("Lodsys") Complaint ("Complaint"). DPSG denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs:

1. DPSG lacks knowledge sufficient to confirm or deny the allegations of Paragraph 1 and therefore denies the same.

2. DPSG admits it is a Delaware corporation with its principal place of business in Plano, Texas.

3. DPSG admits that this action arises under the patent laws of the United States. DPSG further admits that this Court has subject matter jurisdiction over this action. DPSG further admits that venue is proper in this district. Except as expressly admitted herein, DPSG denies each and every allegation of Paragraph 3.

4.      DPSG admits that this Court has general and specific jurisdiction over it.  Except as expressly admitted herein, DPSG denies the each and every allegation of Paragraph 4.

5.      DPSG admits that a purported copy of U.S. Patent No. 7,620,565 ("the '565 patent") states that it was issued on November 17, 2009 for a "Customer-Based Product Design Module," however DPSG lacks knowledge sufficient to confirm or deny that a true and correct copy of the '565 patent was attached to the Complaint as Exhibit A and therefore denies the same.  DPSG also lacks knowledge sufficient to confirm or deny that Lodsys is the owner by assignment of all rights, title and interest in and to the '565 patent and therefore denies the same.  DPSG further denies that the '565 patent was duly and legally issued.  Except as expressly admitted herein, DPSG denies each and every allegation of Paragraph 5.

6.      DPSG denies the allegations of Paragraph 6.

7.      DPSG denies the allegations of Paragraph 7.

8.      DPSG admits that a purported copy of U.S. Patent No. 7,222,078 ("the '078 patent") states that it was issued on May 22, 2007 for a "Methods and Systems for Gathering Information from Units of a Commodity Across a Network," however DPSG lacks knowledge sufficient to confirm or deny that a true and correct copy of the '078 patent was attached to the Compliant as Exhibit A and therefore denies the same.  DPSG also lacks knowledge sufficient to confirm or deny that Lodsys is the owner by assignment of all rights, title and interest in and to the '078 patent and therefore denies the same.   DPSG further denies that the '078 patent was duly and legally issued.  Except as expressly admitted herein, DPSG denies each and every allegation of Paragraph 8.

9.      DPSG denies the allegations of Paragraph 9.

10.     DPSG denies the allegations of Paragraph 10.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

DPSG denies that Lodsys is entitled to any relief whatsoever from DPSG, either as prayed for in its Complaint or otherwise.  DPSG opposes the relief requested and any other relief that Lodsys may seek.

## AFFIRMATIVE DEFENSES

DPSG's affirmative defenses are listed below.  DPSG reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

11.    Lodsys failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

12.    DPSG does not infringe and has not infringed literally or under the doctrine of equivalents any claim of the '565 patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

13.    DPSG does not infringe and has not infringed literally or under the doctrine of equivalents any claim of the '078 patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## THIRD DEFENSE

14.    The '565 patent is invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq*., including §§ 101, 102, 103, and 112.

15. The '078 patent is invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101, 102, 103, and 112.

## FOURTH DEFENSE

16. To the extent that Lodsys, its alleged predecessors in interest to the '565 patent and their respective licensees, failed to properly mark any of their relevant products as required 35 U.S.C. § 287 or otherwise give proper notice that DPSG's actions allegedly infringed the '565 patent, DPSG is not liable to Lodsys for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '565 patent.

17. To the extent that Lodsys, its alleged predecessors in interest to the '078 patent and their respective licensees, failed to properly mark any of their relevant products as required 35 U.S.C. § 287 or otherwise give proper notice that DPSG's actions allegedly infringed the '078 patent, DPSG is not liable to Lodsys for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '078 patent.

## FIFTH DEFENSE

18. To the extent that Lodsys asserts that DPSG indirectly infringes, either by contributory infringement or inducement of infringement, DPSG is not liable to Lodsys for the acts alleged to have been performed before DPSG knew that its actions would cause indirect infringement and DPSG is not liable because it had no intent to induce infringement.

## SIXTH DEFENSE

19. Lodsys' attempted enforcement of the '565 patent against DPSG is barred by laches and estoppel.

20. Lodsys' attempted enforcement of the '078 patent against DPSG is barred by laches and estoppel.

## PRAYER FOR RELIEF

DPSG respectfully requests a judgment against Lodsys as follows:

A. A declaration that DPSG does not infringe, under any theory, any valid claim of the '565 patent that may be enforceable;

B. A declaration that DPSG does not infringe, under any theory, any valid claim of the '078 patent that may be enforceable;

C. A declaration that the asserted claims of the '565 patent are invalid;

D. A declaration that the asserted claims of the '078 patent are invalid;

E. A declaration that the asserted claims of the '565 patent are unenforceable.

F. A declaration that the asserted claims of the '078 patent are unenforceable;

G. A declaration that Lodsys take nothing by its Complaint;

H. Judgment against Lodsys and in favor of DPSG;

I. Dismissal of the Complaint with prejudice;

J. An award to DPSG of their costs and attorney's fees incurred in this action; and

K. Further relief as the Court may deem just and proper.

## JURY DEMAND

DPSG hereby demand trial by jury on all issues.

Date: April 15, 2013                                   Respectfully submitted,

/s/ Phong D. Nguyen
Phong D. Nguyen (Texas Bar No. 24002690)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5304
(202) 861-1500
(202) 861-1783 (facsimile)
pnguyen@bakerlaw.com

*Attorneys for Defendant and Third-Party Plaintiff Dr Pepper Snapple Group, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this April 15, 2013.

By: /s/ Phong D. Nguyen